*103 ON REHEARING
DIXON, Justice.
The State applied for rehearing, urging that the error, if any, in refusing sequestration of witnesses was harmless. We granted rehearing.[1]
Louisiana Code of Criminal Procedure article 764 provides that:
“Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.”
Louisiana Code of Criminal Procedure article 5 provides: “The word .‘shall’ is mandatory, and the word ‘may’ is permissive.” -While article 764 provides that the court may modify its order in the interest of justice, the'issuance of the order in the first instance is mandatory. Before the court may modify its order, there first must be'an order to modify. And even then, that order may be modified only in the interest of justice. Here the reason given by the trial judge for refusing the request to sequester was that the request came too late.
The State cites State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970). That case is in-apposite here because the violation of the statutory right there involved was found not to have been substantial in light of the fact that defense counsel was given actual notice and a copy of the inculpatory statement. The court stated, at 237 So.2d 871, 881:
“The article is statutory law. However, when it is not followed to the letter, as happened in this case, this Court will examine the entire record and determine whether the defendant was. prejudiced by the non-compliance, and whether he suffered a substantial violation of his statutory rights.”
We could not examine the entire record in the instant case to determine whether the error is harmless. The transcript of testimony is not inclxxded in the record as made up (except for that part surrounding the reservation of the bill). Since a statutory right accorded the defendant was clearly violated, we cannot presume that the defendant was not prejudiced.
In its application for rehearing, the State refers to problems of “gamesmanship” that might arise should selective requests for *105 sequestration of witnesses be made after testimony has begun. Simple foresight in demanding the sequestration of witnesses before trial will prevent any advantage, fancied or real, from accruing to either party.
For the reasons assigned, the former judgment of this court, annulling the conviction and sentence and remanding the case to the district court for a new trial, is reinstated and made the final judgment of this court.
SANDERS, J., dissents, adhering to his dissent on original hearing.
SUMMERS, J., dissents for the reasons assigned to the original opinion.
BARHAM, J., dissents.

. Ixx making final disposition of this case on rehearing, we need not consider defendant’s Bill of Exception Number 1 concex-ning the refusal of the trial judge to permit counsel to inform prospective jurors of the possible penalties attendant upon conviction.